UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES SALMON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1349** |
| **WAFFLE HOUSE, INC.** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Summary Judgment** (Rec. Doc. 28 ) is **DENIED**.

### BACKGROUND

Plaintiff filed suit against defendant, Waffle House, Inc. ("Waffle House"), for injuries sustained in a slip and fall at the Waffle House located at 43145 South Airport Road, in Hammond, Louisiana. The complaint alleges that on September 28, 2018, plaintiff was a patron at the Hammond Waffle House eating a meal with his friend and witness, Pete Clark. The pair sat down, ordered, received, and ate their food, and then got refills on their coffee. Plaintiff then rose to leave the table to use the restroom. According to plaintiff and Clark, when plaintiff attempted to get up, he slipped on some food and/or a fork that were both on the ground, under the table. Plaintiff alleges that he was unable to see the food and/or fork prior to attempting to get up, and that they had to have been underneath the table prior to the arrival of plaintiff and Clark.

As a result of this slip and fall, plaintiff alleges that he sustained severe and disabling injuries. He has moved for summary judgment arguing that no disputed issues of fact

exist on defendant's liability. Defendant Waffle House opposes summary judgment, arguing that material fact issues exist on each element required for plaintiff to establish premises liability, as well as whether plaintiff's comparative fault contributed to his injury.

## DISCUSSION

### *Summary Judgment Standard*

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and "material" if it might affect the outcome of the suit under the governing substantive law. Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co., 671 F.3d 512, 517 (5th Cir. 2012).

### *Premises Liability in Louisiana*

Louisiana Revised Statutes § 9:2800.6, which establishes the burden of proof in slip and fall cases brought against merchants, provides in part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

>   (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
>   (3) The merchant failed to exercise reasonable care.

La. Rev. Stat. § 9:2800.6.

With respect to (B)(1) above, which requires that condition presented an unreasonable risk of harm to the claimant, it is well-settled that a condition does not present an unreasonable risk of harm when it is an open and obvious risk. Thibodeaux v. Home Depot USA, Inc., 816 F. App'x 988, 990 (5th Cir. 2020) (citing Broussard v. State ex rel. Office of State Bldgs., 113 So. 3d 175, 184 (La. 2013). Moreover, "[t]he open-and-obvious inquiry is objective, looking to whether the condition is obvious to all who may encounter it and not to whether the plaintiff had actual knowledge of the condition." Id. Further, "the fact-finder, employing a risk-utility balancing test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard." Broussard, 113 So. 3d at 185.

In the present case, Pete Clark testified that the fork "wasn't close to the wall, but it wasn't out in the open, the floor part, away from the booth . . . . It was under the table."[1] Defendant argues that if the alleged hazard was in fact present on the floor at the spot designated by Clark, due to the open design of the booth, it would have been open and obvious.

"While the Court recognizes its role to determine, as a matter of law, if the Defendant owed a duty, that question depends on a determination of whether the hazard in this case was 'open and obvious,' which is clearly a question for the jury." Farrow v. Dolgencorp, LLC, 2014 WL 1118122,

---

[1] Rec. Doc. 28-5, Depo. of Peter Clark, 20:11-14.

at *4 (M.D. La. Mar. 20, 2014). Accordingly, a material fact question reserved to the fact-finder exists on this issue, precluding summary judgment. Therefore,

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Summary Judgment** (Rec. Doc. 28 ) is **DENIED**.

New Orleans, Louisiana, this __4th__ day of November, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**