UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES SALMON, JR. | * | CIVIL ACTION NO. 19-1349 |
| | * | |
| VERSUS | * | SECTION: "S"(1) |
| | * | |
| WAFFLE HOUSE, INC. | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ********************************* | * | |

ORDER AND REASONS

Before the Court is the Motion to Quash filed by plaintiff James Salmon, Jr.. (Rec. Doc. 48). He seeks to quash a subpoena issued by Waffle House, Inc. ("Waffle House") to Blue Cross Blue Shield of Louisiana ("Blue Cross"). For the following reasons, the Motion is GRANTED in part and DENIED in part. The subpoena shall be modified to exclude records related to premiums paid to and payments by Blue Cross. In all other respects, the subpoena remains in effect. Oral argument set for November 18, 2020, is CANCELLED.

Background

This is a slip and fall case arising out of an incident at a Waffle House restaurant in Louisiana on September 28, 2018. Mr. Salmon alleges that when he got up from his table, he slipped on some food and/or a fork that was on the ground under the table. He fell and he alleges that he sustained severe and disabling injuries, including to his shoulder knee, back, and other parts of his body. He seeks damages for, among other things, pain and suffering, loss of enjoyment of life, and mental anguish and emotional distress. Trial in this matter is set to begin on June 14, 2021, and the deadline to complete discovery is April 2, 2021.

The present dispute concerns a subpoena for documents issued by defendant Waffle House Inc. to Blue Cross seeking:

1

> A complete certified copy of all policy/claims files, including but not limited to claims adjusters files, health claim history, including correspondence, notes, file notes, handwritten, recorded statements, print out history for last 10 years, copies of and/or summaries of disbursed checks, investigative documents and/or reports, and medical records, medical records, including any and all doctor's notes, orders and/or reports, narrative and/or op reports, admit and discharge summaries, nurses' notes, films, MRI films, x-rays, x-ray reports, billing information including receipts, summaries of payments disbursed, and pre-certification approvals, any/all documents on James Salmon, Jr.

(Rec. Doc. 48-2). Mr. Salmon reports that defendant has already received all of his medical records and argues that the subpoena is nothing more than a "fishing expedition." He argues that the request implicates a "grave privacy concern" and allowing production would be unfairly prejudicial to Mr. Salmon. He submits that the notice is overbroad and will place an undue burden on Blue Cross. He also argues that the collateral source rule prohibits introduction into evidence of any payment of medical expenses by a collateral source like a health insurer. Thus, he argues that payment records will not be admissible at trial and that they could not lead to the discovery of relevant and admissible evidence.

Waffle House opposes. First, it argues that Mr. Salmon does not have standing to challenge the subpoena on the grounds of relevance or burden. He can only challenge the documents on the grounds of privilege, but because Mr. Salmon has put his medical condition at issue, Waffle House argues that he has waived that right. Waffle House cites a slip and fall case from the Middle District of Louisiana where the defendant sought similar documents from Blue Cross and the court denied a motion to quash. Among other things, the court found that the plaintiff did not have standing to challenge the burden on Blue Cross.

Waffle House also argues that Mr. Salmon has put his medical condition and prior injuries and treatment at issue by seeking an extensive list of damages as result of his fall. Waffle House points out that at his deposition, Mr. Salmon denied prior treatment to his left shoulder, right knee,

and neck. But in discovery, Waffle House located medical records of prior shoulder, knee, and neck treatment. Waffle House argues that in light of discrepancies concerning what Mr. Salmon remembers and his actual medical treatment, a complete and accurate medical history is necessary and essential. Finally, Waffle House argues that it is not seeking information on payments made by Blue Cross. If necessary, Waffle House submits that it is agreeable to modify the request as to documentation regarding Mr. Salmon's premiums or payments made by Blue Cross on Mr. Salmon's behalf.

<u>Law and Analysis</u>

1. *Quashing a Subpoena*

Under Rule 45, the Court may quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3); see <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 392 F.3d 812, 817–18 (5th Cir. 2004). The moving party bears the burden of showing that compliance with the subpoena would be unduly burdensome. <u>Wiwa</u>, 392 F.3d at 818; <u>Informd, LLC v. DocRX, Inc.</u>, No. MC 16-83-JJB-EWD, 2016 WL 7478962, at *3 (M.D. La. Dec. 29, 2016). In assessing the undue burden, the Court considers "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." <u>Wiwa</u>, 392 F.3d at 818. Where a non-party is subject to a subpoena, "the court may also consider the expense and inconvenience to the non-party." <u>Wiwa</u>, 392 F.3d at 818.   The Court should also consider whether the requested information is available from any other source. <u>Positive Black Talk Inc. v. Cash</u>

3

Money Records, Inc., 394 F.3d 357, 377 (5th Cir. 2004) abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010).

Typically, a subpoena is challenged by the party subpoenaed. The Fifth Circuit has held that defendants could not challenge a subpoena issued to a third party because they were not "in possession of the materials subpoenaed and have not alleged any personal right or privilege with respect to the materials subpoenaed." Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979); Weatherly v. State Farm Fire & Cas. Ins. Co., No. CIV.A. 07-4371-EEH-S, 2009 WL 1507353, at *2 (E.D. La. May 28, 2009) (holding that defendant did not have standing to challenge the subpoena where it had no privilege over the documents). Thus, "a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." Frazier v. RadioShack Corp., No. CIV.A. 10-855-BAJ-CN, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012).

For example, in Adams v. Dolgencorp, LLC, the defendant served a subpoena on Blue Cross for insurance records related to the plaintiff, who alleged injuries resulting from a slip and fall. No. CIV.A. 11-784-FJP, 2012 WL 2064556, at *1 (M.D. La. June 7, 2012). The court held that plaintiff did not have standing to challenge the subpoena on the grounds of relevance or undue burden. Id. at *2. The court found that even if the plaintiff had asserted a privacy interest or privilege with regard to the documents sought, she had waived any privilege by putting her medical condition at issue. Id. The court in Adams also rejected the plaintiff's argument that the subpoena should be quashed because of the collateral source rule. Id. The court found that "the information may be relevant to a claim or defense in this matter, or lead to relevant information, and the mere

fact that Blue Cross Blue Shield may be a collateral source does not render all the information pertaining to plaintiff in its files inadmissible at trial." Id.

    2. *Subpoena to Blue Cross*

    Like the court in Adams, the court finds that Mr. Salmon has no standing to challenge the relevance or burden of the subpoenaed documents on Blue Cross. Documents concerning Mr. Salmon's medical treatment over the past ten years are relevant to this personal injury case where Mr. Salmon alleges a shoulder surgery and C3-7 cervical fusion necessitated by the fall and he seeks past and future wage losses in excess of $700,0000. Although Mr. Salmon says his medical providers have already been identified and his medical records produced, the inconsistencies in his deposition testimony and the information discovered by Waffle House suggests that Mr. Salmon's recollection of his treating providers and treatment may be incomplete. Accordingly, the subpoenaed records remain important to this case.

    With regard to documents reflecting premiums paid by Mr. Salmon or payments made by Blue Cross, Waffle House appears to concede that it does not have a need for this information in light of the likelihood that this information will likely not be admissible. It appears that Mr. Salmon's primary concern is the disclosure of this information. The court finds it appropriate to limit the subpoena to exclude such financial information. Accordingly, the subpoena shall be modified to exclude documents reflecting premiums paid by Mr. Salmon or payments made by Blue Cross.

<u>Conclusion</u>

    For the foregoing reasons, Mr. Salmon's Motion to Quash (Rec. Doc. 48) is GRANTED in part and DENIED in part. The subpoena is hereby modified to exclude records related to

premiums paid to and payments by Blue Cross. In all other respects, the subpoena remains in effect. Oral argument set for November 18, 2020, is CANCELLED.

New Orleans, Louisiana, this 16h day of November, 2020.

Janis van Meerveld
United States Magistrate Judge