UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES SALMON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1349** |
| **WAFFLE HOUSE, INC.** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Waffle House's **Motion in Limine** to Strike Plaintiff's Past Lost Wage and Future Lost Wages/Earning Capacity Claim (Rec. Doc. 75) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion in Limine** to Exclude Prudential Lawsuit (Rec. Doc. 107) is **DENIED**;

**IT IS FURTHER ORDERED** Waffle House's **Motion to Exclude Investigative Report, Photographs, and Witness Testimony** (Rec. Doc. #77) is **GRANTED** in part and **DENIED** in part;

**IT IS FURTHER ORDERED** that plaintiff's **Motion in Limine** to Exclude Evidence of Criminal Charges (Rec. Doc. 80) is **GRANTED in part** insofar as the criminal charge itself, and **DENIED in part** insofar as evidence of plaintiff's physical movement;

**IT IS FURTHER ORDERED** that Waffle House's **Motion in Limine** to Strike Plaintiff's Motion in Limine to Exclude Surveillance Evidence (Rec. Doc. 102) is **DENIED**;

**IT IS FURTHER ORDERED** plaintiff's **Motion in Limine** to Exclude Surveillance Evidence (Rec. Doc. 98) is **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion in Limine** to Exclude Dr. Charles Haddad's Supplemental Report and Opinions (Rec. Doc. 85) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion in Limine** to Exclude Booth Model (Rec. Doc. 106) is **DENIED**.

## INTRODUCTION

This matter arises from plaintiff's slip and fall in a Waffle House in Slidell, Louisiana. Detailed facts have been set forth in other opinions of the court, and thus are not restated here. In anticipation of trial, the parties have filed numerous motions in limine, which are considered below.

## DISCUSSION

**1. Waffle House's Motion in Limine to Strike Plaintiff's Past Lost Wage and Future Lost Wages/Earning Capacity Claim (Rec. Doc. 75) / Plaintiff's Motion in Limine to Exclude Prudential Lawsuit (Rec. Doc. 107)**

Plaintiff seeks over $1.2 million in past and future lost wages as a result of his fall in Waffle House, which occurred on September 28, 2018. At the time of the fall, plaintiff was on short-term disability leave and not working due to his left leg below the knee amputation on April 12, 2018. At the time of the fall, plaintiff was limited to walking 300 feet without resting and could not climb ladders or stairs. He struggled with balance problems and chronic phantom pain. He could not kneel, squat, or stand long enough clean the tub, cook, or do laundry. Further, on September 18, 2018, ten days before the Waffle House fall, plaintiff applied for long-term disability benefits with Prudential Insurance company of America ("Prudential"), stating that he had to use a wheelchair, scooter, or crutches for ambulation and that he could not drive or ride as

a passenger for more than forty miles. In May of June of 2019, the Social Security Administration determined plaintiff was totally disabled as of April 12, 2018, the date of the amputation, and no medical improvement was expected. On June 14, 2019, approximately nine months after the Waffle House incident, plaintiff filed suit against Prudential, alleging that he "is now and will remain in a continuous state of disability and/or reduced ability to perform his own occupation or secure any occupation due to a leg amputation."[1]

Waffle House has moved to strike plaintiff's claims for lost wages, arguing that he was completely disabled from working prior to the fall, and thus has no lost wages or loss of future earnings. Plaintiff opposes, arguing that he was recuperating and anticipated returning to work, but those plans were derailed as a result of the injuries caused by the Waffle House fall. In a related motion, plaintiff asks the court to exclude evidence of his lawsuit against Prudential seeking benefits for total disability. Plaintiff argues that the Prudential suit is not relevant, prejudicial, and barred by the collateral source rule.

With respect to Waffle House's motion to strike plaintiff's lost wage claim, it essentially seeks partial summary judgment dismissing this aspect of plaintiff's claim. The extent of plaintiff's disability, the question whether and to what extent the Waffle House fall contributed to it, and whether and if so, when plaintiff could ever return to work, are contested fact issues. The answers to these questions are within the province of the fact-finder. Accordingly, the motion to strike plaintiff's lost wage claim is denied.

With respect to the lawsuit against Prudential, plaintiff contends evidence of the suit is

---

[1] Rec. Doc. 107-4, Complaint, Civ. Action No. 19-11223, ¶ IV.

barred by the collateral source rule. The collateral source rule prevents a tortfeasor from benefitting if the plaintiff received payment from sources independent of the tortfeasor. Bozeman v. State, 879 So. 2d 692, 698. (La. 2004). The underlying rationale is that a tortfeasor should not benefit by a reduction in damages from outside benefits provided to the plaintiff or procured by the plaintiff. Id. However, to the extent the evidence of a potential collateral source is being admitted for the purpose of impeachment, the collateral source rule does not apply. See Landry v. Haye, 2015 WL 13037311, at *3 (W.D. La. Mar. 24, 2015)(citations omitted).

      In this case, Waffle House has clarified that it does not seek to introduce evidence of the Prudential suit to argue that it is entitled to an offsetting credit against damages owed based on that potential collateral source. Rather, Waffle House seeks to introduce evidence of the suit for impeachment purposes. Plaintiff argues that "[b]ut for the fall at Waffle House, [he] would have been able to return to work shortly after the September 2018 accident, in October to December of 2018."[2] On that basis, he seeks over $1.2 million in combined past and future wages. However, in his suit filed in June of 2019, plaintiff alleged that he was permanently disabled as of April 12, 2018 due to his amputation. The court finds that the evidence in question is admissible for impeachment purposes. Moreover, the jury charges can be drafted to make it clear that any collateral sources of payment to plaintiff should not be considered in any damages calculation, avoiding any undue prejudice. Accordingly, the motion to exclude evidence of the Prudential lawsuit is denied.

---

    [2]Rec. Doc. 78, p. 2.

**2. Waffle House's Motion to Exclude Investigative Report, Photographs, and Witness Testimony (Rec. Doc. #77)**

Plaintiff seeks to introduce the investigative report, photographs, and testimony of investigator Kandi Connetti, who visited the Waffle House five months after the accident and took pictures, which depict Waffle House floors that contain debris. Waffle House has moved to dismiss this evidence and testimony, arguing that evidence of hazards existing months after the accident is not relevant. Plaintiff counters that the subsequent condition of the floor is probative of Waffle House's constructive notice of hazards and its failure to exercise reasonable care to keep the floors clean and free of debris. Plaintiff also argues that the evidence is relevant to impeach Waffle House's testimony regarding its policies and procedures around cleaning the floors, specifically, that the floors are cleaned after every shift, that the booth areas are cleaned after every customer, and that employees are expected to look under the booths to make sure everything is clean.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. In this case, a principal issue for trial is the existence of a hazardous condition on the date of the accident. Thus, the condition of the floors five months after the accident is not a fact of consequence in determining the action. While such evidence is probative of whether Waffle House exercised reasonable care on the date of Connetti's visit, and whether on that date, Waffle House could be charged with constructive notice of a hazard, it is simply irrelevant to the condition on the date of the accident.

5

However, to the extent that Waffle House introduces testimony that its floors are always maintained, or that given its policies and procedures no hazard could have been present on the floor on the date of the accident, the evidence is admissible for impeachment purposes. Accordingly, the motion is granted in part, and the challenged evidence is not admissible as to the condition of the floors on the date of the incident, and denied in part, to the extent that it is introduced to rebut any assertion that the floors are always maintained, or that no hazard could have been present considering Waffle House's policies and procedures.

**3. Motion in Limine to Exclude Evidence of Criminal Charges (Rec. Doc. 80)**

Plaintiff was charged with assault with a dangerous weapon on January 1, 2021 when he chased down a vehicle driving in his neighborhood, shouting expletives and demanding that the driver, Clifton Trahan, slow down. When the driver reached its destination, the home of Desrie Portier, plaintiff arrived at the house in a truck driven by another individual and brandished a pistol at Trahan and threatened to shoot him. Following a call to police, plaintiff was arrested and charged with aggravated assault.

Defense investigator Mel Robarts took a recorded statement from Trahan, in which he stated that he witnessed plaintiff sprinting after his vehicle, and from Portier, in which he recounted prior instances in which he witnessed plaintiff cutting his grass and engaging in other physical acts. Plaintiff seeks to exclude evidence of the criminal charge, arguing that its prejudicial effect exceeds its probative value. Plaintiff also argues that the witness statements are inadmissible hearsay.

Waffle House has responded that it does not intend to introduce the fact of the criminal

charge, and thus insofar as the charge itself is concerned, the motion is granted in part as unopposed. Waffle House seeks to admit evidence of the facts surrounding the confrontation – plaintiff's alleged sprinting and physical exertion – and evidence regarding plaintiff's physical activities observed by these witnesses on other occasions. Because plaintiff's physical limitations are at issue in this case, the testimony regarding his physical exertion is relevant, and the court finds any prejudicial effect is not outweighed by its probative value. However, the evidence of the criminal charge or the underlying criminal act is not admissible. Moreover, because Waffle House intends to have the witnesses testify at trial about what they actually observed, hearsay concerns are not present. Thus, to the extent the motion seeks to exclude the fact of the criminal charge or underlying criminal acts, the motion is granted; to the extent the motion seeks to exclude evidence of plaintiff's physical activities and exertions, it is denied.

**4. Plaintiff's Motion in Limine to Exclude Surveillance Evidence (Rec. Doc. 98) / Waffle House's Motion in Limine to Strike Plaintiff's Motion in Limine to Exclude Surveillance Evidence (Rec. Doc. 102)**

In this motion, plaintiff seeks to exclude from trial any reference to plaintiff's confronting a private investigator retained by Waffle House on October 10, 2019 in which he allegedly "walked briskly across the yard of a neighboring home and stood in the center of Floyd Lavine [Road] presenting an open palm preventing investigators to pass and displaying a large black handgun."[3] Waffle House opposes the motion, and has also filed a motion to strike it as untimely. Waffle House's motion to strike is based on a misinterpretation of the court's scheduling order, which requires <u>Daubert</u> motions to be filed in time to be heard not later than April 14, 2021.

---

[3]Surveillance Report, Rec. Doc. 98-2, p. 3.

Other motions in limine may be filed up until the time of trial. Accordingly, Waffle House's Motion to Strike is denied.

As for the merits of the motion, plaintiff contends that the investigator's report and testimony regarding plaintiff's actions are irrelevant to any issue for trial, which are limited to whether Waffle House was negligent and to what extent Waffle House's negligence caused plaintiff's injuries. While the court recognizes that this evidence is potentially relevant to the extent of plaintiff's injuries, the court finds that it is cumulative of the evidence admitted regarding the January 1, 2021 incident, and also, in combination with that evidence, prejudicial. Accordingly, the motion to exclude it is granted.

**5. Plaintiff's Motion in Limine to Exclude Dr. Charles Haddad's Supplemental Report and Opinions (Rec. Doc. 85)**

Defendant retained Dr. Charles Hadded to conduct an independent medical examination ("IME") of plaintiff. Dr. Haddad provide a report on August 5, 2019, and then provided an "Addendum to IME" on December 18, 2020. The addendum report recites that it was issued following the provision of additional records regarding plaintiff, from six providers as well as plaintiff's disability record. Plaintiff has moved to strike the addendum, arguing that it "does not add anything to his prior opinions and does not express a causation opinion." Plaintiff further alleges that permitting Dr. Haddad to provide further opinion beyond his original report constitutes unfair surprise.

Waffle House opposes, arguing that Dr. Haddad's addendum was provided because subsequent to the initial report, Waffle House discovered additional records of additional

treatment that plaintiff had failed to disclose. The addendum provides evidence that plaintiff's knee and shoulder injuries are not solely related to the Waffle House fall.

Federal Rule of Civil Procedure 26 require parties to disclose the identity of their expert witnesses, as well as those experts' reports, in accordance with the court's scheduling order. See FED. R. CIV. P. 26 (a)(2) & (a)(3)(B). Supplementation of an expert report is permitted, as long as "[a]ny additions or changes to [the] information [are] disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). Rule 26(a)(3) provides a timeline for disclosures, unless the court orders otherwise. In this case, under the amended scheduling order, the deadline for expert disclosures was March 5, 2021,[4] well after the addendum was provided on December 18, 2020. The supplement was necessary due to plaintiff's failure to disclose his prior treatment, which was discovered by defendants through discovery and their own investigation.

Moreover, the court disagrees that the addendum does not include an opinion; in it, Dr. Haddad states that the additional records show evidence of a pre-existing rotator cuff tear and possible SLP tear, and that such tears have a poor ability to heal and are typically progressive. This is a causation opinion providing an alternate cause for the injuries plaintiff alleges he suffered in the Waffle House Fall. As well, in addition to the fact that plaintiff himself obviously had full knowledge of the treatment, the trial of this matter has been continued until January 10, 2022. Thus, unfair surprise is not a consideration. Accordingly, the motion to exclude Dr. Haddad's supplement is denied.

---

[4] Rec. Doc. 26.

**6. Plaintiff's Motion in Limine to Exclude Booth Model (Rec. Doc. 106).**

A central issue in this case is whether the hazard that caused plaintiff's slip and fall was open and obvious. In an effort to establish that it was, Waffle House seeks to introduce as a demonstrative exhibit at trial a model of the Waffle House booth and neighboring stool where the accident occurred. Plaintiff has moved to exclude this evidence, arguing that it is untimely, and that considering that numerous photographic exhibits and video will be introduced, it is redundant.

On the question of timeliness, plaintiff acknowledges that it was timely disclosed, but argues that he will not have sufficient opportunity to view the exhibit prior to trial. Plaintiff has made the model available for viewing in Georgia where it was constructed and is being stored as of May 3, 2021, and trial has been continued to January 10, 2022. The booth was constructed by Louis Todd who went to Waffle House to take measurements of the booth and stool and who will testify regarding the booth and stool at trial. Plaintiff deposed Todd for over two hours in March 2021, and Waffle House has stated that it will make him available for another deposition to answer further questions. Thus, timeliness is not an issue.

As for redundancy and prejudice, the court finds that a three-dimensional model is very different from a photograph or a video, because the latter exhibits are constrained by the point of view of the person taking the photograph or the video. The model will enable jurors to visualize more accurately the design of the booth and the accident scene. Accordingly, the motion to

exclude the booth as a demonstrative aid is denied.

New Orleans, Louisiana, this 25th day of May, 2021.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**